United States District Court
Southern District of Texas
**ENTERED**
July 18, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISRAEL LARA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-15-2909 |
| | § | |
| LORIE DAVIS, | § | |
| Director of the Texas Department | § | |
| of Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

# MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 5). The court recommends that respondent's motion for summary judgment (Dkt. 7) be granted and the petition be denied with prejudice.

**Background**

Israel Lara was convicted of intoxicated assault and failure to stop and render aid in the 25th Judicial District Court of Guadalupe County, Texas. On September 7, 2011 Lara entered a guilty plea and was sentenced to seven years for assault and five years for failure to stop and render aid. He did not appeal.

Lara filed a state application for writ of habeas corpus on July 8, 2015. The Texas Court of Criminal Appeals denied in part and dismissed in part on September 16, 2015.[1] Lara

---

[1] The Texas Court of Criminal Appeals dismissed Lara's claim for pre-sentence jail time credit, citing *Ex parte Florence*, 319 S.W.3d 695 (Tex. Crim. App. 2010) and *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004), which hold that the proper vehicle to challenge pre-sentence jail time credit is a writ of mandamus. *Ex parte Lara*, Cause No. 11-

...
...
...
...

filed this federal petition on September 28, 2015. In his petition, Lara asserts that his trial counsel was ineffective, that his sentencing violates the *ex post facto* clause of the Constitution, and that he has been denied due process in mandatory supervision proceedings.

**Analysis**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). To the extent Lara is challenging his original conviction and sentence, his one-year period of limitations expired on October 7, 2012. There is no basis for statutory or equitable tolling of the statute of limitations. Thus, Lara's claims are time-barred.

Lara's assertion that his sentence violates the *ex post facto* clause of the Constitution

---

1327-CR (Sept. 16, 2015) (Dkt. 8-7).

because he has been treated under discretionary mandatory supervision statutes is also time-barred.[2] To the extent this claim is based on statements made by the judge at sentencing, (*see* Dkt. 10 at 6), the statute of limitations expired on October 7, 2012. In any event, he became aware of the way the parole board was calculating his time served at the latest when he was denied release for the first time on January 7, 2014. Thus, this claim was time-barred by January 7, 2015, months before his state court application for writ of habeas corpus was filed.

To the extent Lara is challenging the November 7, 2014 decision to deny him release on mandatory supervision, he has not met his burden under AEDPA to show that the state court adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).[3]

**Recommendation and Orders**

For the reasons stated above, the court recommends that Lara's petition for writ of

---

[2] In addition to being time-barred, this claim also fails on the merits. The law in effect at the time the offense was committed governs an inmate's eligibility for mandatory supervision. *Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005). Lara was convicted for offenses committed in February 2010, and the parole board has considered his case under the discretionary mandatory supervision statute in effect at that time.

[3] Any challenge to the most recent September 8, 2015 decision denying release on mandatory supervision is unexhausted. However, Lara's petition (Dkt. 1) does not mention the September 8, 2015 decision or make any allegations specifically related to that decision. Lara's claims asserted here were all asserted in his July 8, 2015 state habeas petition. Thus, the court will not construe the petition as a "mixed petition" requiring dismissal, and instead rules on the merits and timeliness of the exhausted claims.

habeas corpus be denied with prejudice. The court further recommends that Lara's motion for leave to amend and for judgment on the pleadings (Dkt. 10), be denied.

It is ordered that Lara's motion for continuance and to file a supplemental petition (Dkt. 9), is denied.

The court finds that Lara has not made a substantial showing either that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on July 18, 2016.

*[signature]*
Stephen Wm Smith
United States Magistrate Judge